THE MAYOR AND COMMON COUNCIL OF THE CITY OF RAHWAY ET AL., PROSECUTORS, v. THE BOARD OF HEALTH OF THE STATE OF NEW JERSEY, AND THE BOROUGH OF GARWOOD.

Submitted March 18, 1910—Decided June 19, 1910.

1. An objection not pointed out by any reason filed cannot prevail on *certiorari*.
2. Chapter 297 of the laws of 1908, as amended by chapter 142 of the laws of 1909, vesting the powers and duties of the state sewerage commission in the state board of health, does not have the effect of intermixing in the Sewerage Commission acts of 1899 and 1900 things that have no proper relation to those acts.

---

On *certiorari*.

Before Justices GARRISON, SWAYZE and PARKER.

For the prosecutor city of Rahway, *Francis V. Dobbins.*

For the prosecutor water commissioners of Rahway, *John W. Griggs.*

For the defendant borough of Garwood, *Jeremiah A. Kiernan.*

The opinion of the court was delivered by

PARKER, J. The writ in this case brings up certain proceedings taken by the borough of Garwood, in the county of Union, for the construction of a sewage disposal plant which will discharge its effluent into the Rahway river above the intake on said river of the water works of the city of Rahway. By section 7 of the State Sewerage Commission act of 1900 (*Pamph. L., pp.* 113, 116), amending the original act of 1899 (*p.* 536), it is made unlawful for any municipality to build such a plant from which the effluent is to flow into any of the waters of this state, except under such conditions as shall be approved by the state sewerage commission, to whom any new plans shall be submitted before building; and by a series of acts in 1908, chapters 296 to 299, inclusive (*Pamph. L., pp.* 605-607), the legislature undertook to terminate the terms of office of members of the state sewerage commission, to reorganize the state board of health, and to invest that board with all the powers and charge it with all the duties theretofore exercised and performed by the state sewerage commission.

In this state of the statute law, the borough of Garwood received notice in September, 1908, from the state board of health that it must cease polluting the waters of the Rahway river, and make such other disposition of its sewage or other polluting matter as should be approved by that board; and in the spring of 1909 the borough instituted proceedings, apparently in conformity with the Borough act of 1897, for the installation of a sewage disposal plant. This plan met with objection on the part of the city of Rahway and its citizens;

protest was made to the state board of health; hearings were had; and finally the state board of health formally approved of the plans submitted by the borough of Garwood, thus authorizing it to proceed with the work. The objections of the city of Rahway and other interested parties being thus overruled, the writ in this cause was sued out. Meanwhile, by chapter 142 of the laws of 1909, approved April 17th, 1909, before the borough proceedings were begun, the legislature had undertaken to amend the title and body of chapter 297 of the laws of 1908, and this amendment, and said act of 1908 as amended, are the points of attack by the prosecutors. Of the numerous reasons filed, three are relied on, viz., the third, fourth and fifth. The third reason is that the amending act of 1909 is invalid because its object is not expressed in its title. The fifth reason is that said act is invalid because it "intermixes with the original act, to which it is an amendatory supplemental act, things that have no proper relation with each other." The fourth reason is that the act of 1908, chapter 297, as amended by the act of 1909, chapter 142, is unconstitutional, because the object of said act as amended is not clearly expressed in its title.

The act of 1908 is entitled

"A supplement to an act entitled 'An act to prevent the pollution of the waters of this state by the establishment of a state sewerage commission, and authorizing the creation of sewerage districts and district sewerage boards, and prescribing, defining and regulating the powers and duties of such commission and such boards,' approved March twenty-fourth, one thousand eight hundred and ninety-nine."

By its first section it purports to transfer all powers previously exercised and duties previously performed by the state sewerage commission to the state board of health; the second section saving all proceedings theretofore commenced by the state sewerage commission and providing for their continuance in the name of the state board of health, &c. The act of 1909 is entitled "An act to change and amend the title and body of an act entitled" (here follows title of the act of 1908 and date of its approval), and undertakes to make certain

amendments to the title and body of the act of 1908. Those relating to the title will be considered later.

The first argument made by prosecutors is this: The act of 1908 is unconstitutional on account of a defective title; the act of 1909 undertakes to amend that title, but unsuccessfully, having itself a defective title; hence in this aspect the act of 1908 remains unconstitutional in its original form and conferred no power on the state board of health to approve the plans of the borough of Garwood, thus invalidating the proceeding.

But we are met at the outset by the fact that the record discloses no reason assigned that attacks the constitutionality of the act of 1908 in its original form, and this point is, consequently, not before us for consideration. *Suburban Land Co.* v. *Vailsburgh,* 39 *Vroom* 311; *Stanton* v. *Board of Education, Id.* 496; 41 *Id.* 336. The act of 1908, therefore, stands unchallenged, and, presumably, valid, unless that of 1909 effectively amended it so as to make it unconstitutional—a question brought up by the fourth reason in only one aspect, viz., that the object of the act as amended is not clearly expressed in its title.

Assuming that the act of 1909 was effective to amend the title of the act of 1908, we turn to the title as amended, and find it to read as follows:

"An act vesting in the board of health of the State of New Jersey all the powers and duties heretofore vested in the state sewerage commission by an act entitled 'An act to prevent the pollution of the waters of this state by the establishment of a state sewerage commission, and authorizing the creation of sewerage districts and district sewerage boards, and prescribing, defining and regulating the powers and duties of such commission and such boards,' approved March twenty-fourth, one thousand eight hundred and ninety-nine, and the acts supplementary thereto and amendatory thereof."

This title is plainly adequate to express the object of the act of 1908, already outlined above; and the amendment of the first section of that act made by the act of 1909 makes no substantial change in its provisions. The result is, therefore,

that if we concede prosecutors' claim that the amendment of 1909 was unconstitutional on account of its title, the act of 1908 stands unchallenged; if, on the other hand, that amendment was effective, the act of 1908 as thus amended has a proper title.

The fifth reason is all that remains to be considered. It is argued under this head that the amendment of 1909 (we think counsel must mean the act of 1908 as amended in 1909, but in either case the result is the same) is unconstitutional as intermixing with the Sewerage Commission act of 1899, amended in 1900, a provision which really relates to the state board of health. To quote the language of counsel:

"If the object of the supplemental act of 1908 was to vest in the board of health the powers and duties of the state sewerage commission, it must be classified as a supplement of the Board of Health act and not to the State Sewerage Commission act, because this supplemental act gives additional powers to the board of health and not to the state sewerage commission; but the legislature, instead of making the act in question a supplement or amendment to the Board of Health act, has made it a part of the State Sewerage Commission act. This, we submit, contravenes our constitution by intermixing with the State Sewerage act things that have no proper relation to that act."

All that we think it necessary to say in reply to this is that the act of 1908, by its new title, is not made a supplement to any act, but an independent piece of legislation running *pari passu* with chapter 296 of that year, "An act to terminate the terms of office of the state sewerage commission as the same is now constituted;" with chapter 298, a similar act with relation to the state board of health; and with chapter 299, reorganizing the latter board. The effect of these four acts, so far as concerns the present case, is to give the state board of health the control over the disposal plant in question that the sewerage commission would have had if they had not been passed. To put it in another way, the state board of health was made *ex-officio* the state sewerage commission. We find

no intermixing in one act of things that have no proper relation with each other.

This disposes of all the reasons relied on by prosecutors. The proceedings brought up will be affirmed, with costs.